IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES F. HOSKINS, | * | |
| *Pro se* Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-0639 |
| JANET NAPOLITANO, SECRETARY OF HOMELAND SECURITY, et al., | * | |
| | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM ORDER

On November 26, 2012, this Court issued a Memorandum Opinion (ECF No. 30) and Order (ECF No. 31) granting summary judgment to Defendants Janet Napolitano, Secretary of Homeland Security, and the United States Coast Guard ("USCG") (collectively the "Defendants") and against *pro se* Plaintiff James Hoskins ("Plaintiff"), based on Plaintiff's failure to demonstrate genuine issues of material fact sufficient to withstand Defendants' summary judgment motion on Plaintiff's employment discrimination claims.  On December 3, 2012, this Court received "Plaintiff's Motion to Supplement the Exhibits to Plaintiff's Opposition to Defendants' Motion to Dismiss, or Alternatively for Summary Judgment" (the "Motion to Supplement").  (ECF No. 33.)  Two days later, on December 5, 2012, Plaintiff filed a Motion to Reconsider Order and Judgment (the "Motion for Reconsideration").  (ECF No. 32.)

For the reasons stated below, the Motion to Supplement and the Motion for Reconsideration are DENIED.

## BACKGROUND

The background facts of this action were fully set forth in this Court's Memorandum Opinion of November 26, 2012 (ECF No. 30).  To summarize, Plaintiff filed suit claiming he was subjected to a hostile work environment and discriminatory treatment in the workplace based on race and disability.  (Complaint, ECF No. 1, ¶¶ 1-3.)  Thereafter Defendants filed a Motion to Dismiss or, Alternatively, for Summary Judgment (the "Summary Judgment Motion").  (ECF No. 13.)  Defendants claimed they had a non-discriminatory reason to suspend and discharge Plaintiff, as he was unable to obtain a security clearance, and further, that even viewing the facts in the light most favorable to Plaintiff, he failed to show either a disability or severe and pervasive discrimination.  (Memorandum of Law in Support of Summary Judgment Motion (ECF No. 13) at 18-25.)

A hearing on the Summary Judgment Motion was held on November 8, 2012.[1] At the hearing, this Court indicated that Defendants should provide the administrative record that was before the Merit Systems Protection Board ("MSPB") (discussed *infra*), and in keeping with the Court's directive, on November 16, 2012, Defendants filed a Motion to Supplement Exhibits ("Motion to Supplement").  (ECF No. 28.)[2]  In the Memorandum Opinion (ECF No. 30) and accompanying Order (ECF No. 31), this Court ordered that summary judgment be entered in favor of Defendants based on Plaintiff's failure to obtain a security clearance and his failure to show a disability or severe or pervasive discrimination.  Moreover, Plaintiff

---

[1] The *pro se* Plaintiff did not appear but was given permission to participate by telephone.

[2] Following the hearing on the Summary Judgment Motion, and without seeking leave of the Court, on November 10, 2012 Plaintiff filed an "Addendum" to his Reply to the Summary Judgment Motion (ECF No. 25), and then on November 13, 2012 he filed an "Amendment to Addendum" (ECF No. 26) (collectively termed the "Surreplies"). Defendants filed a Motion to Strike the Surreplies on November 14, 2012 ("Motion to Strike").  (ECF No. 27.)  The Motion to Strike was granted in the Order granting summary judgment to Defendants.  (ECF No. 31.)

had not exhausted administrative remedies with respect to certain of his claims, and his remaining claims had been heard and rejected in an administrative setting, complying with due process requirements.  The Memorandum and Order (ECF No. 30, 31) were dated November 26, 2012, and filed November 28, 2012.  Notwithstanding that Plaintiff had not been directed to file any supplemental pleadings or evidence following the hearing on the Summary Judgment Motion, on December 3, 2012 this Court received the Motion to Supplement with five exhibits attached[3] (which was moot in light of the prior entry of summary judgment).  It appears that at the time he filed the Motion to Supplement, Plaintiff had not yet received a copy of the Memorandum and Order, given that this Court then received his Motion for Reconsideration on December 5.

## STANDARD OF REVIEW

Plaintiff seeks reconsideration of this Court's grant of summary judgment to Defendants based on Federal Rule of Civil Procedure 59(a), which is improper in that the rule he invokes permits for a motion for new trial following a nonjury *trial*.  Nonetheless, this Court construes pleadings liberally in favor of a plaintiff proceeding *pro se*, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and accordingly will characterize the *pro se*

---

[3] The large majority of the documents that Plaintiff filed with the Motion to Supplement were already in the record before this Court when it issued the Memorandum Opinion granting summary judgment.  The first exhibit to the Motion to Supplement purports to be a flash drive, which is taped to a piece of paper behind tab 1 and states, undated, "Merit System Protection Board Hearing."  (Motion to Supplement, Ex.1.)  This Court cannot accept the submission because it does not comply with the court's filing requirements.  *See* Local Rule 102.1(d); Local Rule 102.2; "Electronic Filing Requirements and Procedures for Civil Cases" (D.Md. 2011).  The only remaining documents submitted by Plaintiff that were not already before this Court are:
- August 2, 2000 MSPB forms that Plaintiff himself filed and submitted to the MSPB (contained within Ex. 3);
- Undated excerpted pages 1 and 15, from a "USCG Report of Investigation" (contained within Ex. 4);
- Excerpted pages from August 19, 2009 Deposition Testimony of Plaintiff (contained within Ex. 4);
- November 12, 2009 Motion to Compel filed by Plaintiff before the MSPB (contained within Ex. 5);
- 2/3/09 Summary of Prehearing Conference before Judge Wilhelmina Stevenson (contained within Ex. 5).

(*See* Motion to Supplement, Ex. 1-5.)

Plaintiff's motion as one under Rule 59(e) and will incorporate within that Motion the Motion to Supplement that Plaintiff filed two days before.

A final judgment may be amended under Rule 59(e) only: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008) (noting that "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment"). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must … strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## ANALYSIS

Plaintiff has not met the high bar he faces to succeed on the Motion for Reconsideration based on either the information contained in that Motion or the documents submitted with the Motion to Supplement. Plaintiff does not claim there has been an intervening change in controlling law since this Court's Memorandum Order of November

26, 2012.  Although he attempts to argue that the United States Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988), and its progeny do not apply (Motion for Reconsideration at 2-3), he gives no basis in the Motion for Reconsideration that compels this Court to reach a different conclusion than it has previously.  The legal determination reached in *Egan* and furthered in *Guillot v. Garrett*, 970 F.2d 1320 (4th Cir. 1992), and *Becerra v. Dalton*, 94 F.3d 145 (4th Cir. 1996), compel the conclusion that a security clearance requirement precludes review of a decision to suspend or terminate an employee based on Title VII claims – a conclusion reached in this case not only by this Court (Memorandum Opinion, ECF No. 30, 17-19), but also by the Administrative Judge of the Merit Systems Protection Board.  (Defendants' Memorandum of Law in Support of Summary Judgment Motion (ECF No. 13), Ex. 29 at 5.)

With respect to the next possible basis for reversal under Rule 59(e), Plaintiff has not presented relevant, new evidence in the Motion to Supplement, which this Court treats as part of the Motion for Reconsideration in light of the need to liberally construe the pleadings of a *pro se* plaintiff.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  To the extent Plaintiff purports to present new evidence, there are two reasons this evidence fails.  First, it is not "new" in the sense that the documents referenced *supra* note 3 could easily have been produced by Plaintiff in his Opposition to the Summary Judgment Motion.  Indeed nearly all of the documents referenced – the MSPB form, Plaintiff's deposition testimony, the summary of the prehearing conference before Judge Stevenson – were pleadings in matters initiated by Plaintiff that were available to him well before now (and in some instances *created by him*), and he has offered no justification for not producing them previously.  Second,

5

Plaintiff has not shown any reason that these documents are relevant, other than his repeated groundless assertions that fraud has taken place.   He has not produced any evidence that would tend to prove such fraud, merely unsupported allegations that he is certain it must have occurred – allegations which fail to meet the stringent requirement of Rule 59(e).[4]

Finally, Plaintiff has not alleged any specific error in keeping with the requirement of Rule 59(e), but simply restates the arguments he has been repeating before this Court and in other administrative settings.   Because a Rule 59(e) motion "may not be used to relitigate old matters," Plaintiff's assertions do not meet the exacting requirements for relief under Rule 59(e).   *See Pac. Ins. Co.*, *supra*, 148 F.3d at 403 (citation omitted).   Similarly, Plaintiff gives this Court no basis to reconsider the grant of summary judgment based on manifest injustice. Again, although Plaintiff may believe he has been unjustly prohibited from continuing to litigate before this Court, summary judgment was appropriately granted based on his failure to demonstrate a genuine dispute of material fact that would require a trial.   *See* Fed. R. Civ. Proc. 56(c).   Although he claims that the Court omitted "much of the discriminative alleged facts (e.g. the spitting in my soda can)" (Motion for Reconsideration at 3), he overlooks that, for instance, that very fact was cited in the Court's opinion (Memorandum Opinion at 9). What Plaintiff fails to comprehend is that the facts he believes show discrimination do not, and will not, give rise to a claim for discrimination where the legal standard requires a showing of "severe or pervasive" discrimination, and nothing less.   *EEOC v. Xerxes*, 639

---

[4] For example, Plaintiff points to the affidavit of Karla Brown, a Human Resources Specialist in the Office of Civilian Human Resources.   (Motion to Supplement Ex. 4.)   He claims that her testimony "is an attempt to mislead the courts." (*Id.* at 2.)   Yet he elaborates no further on this claim, and has failed to do so at any stage of this litigation.

F.3d 658, 668 (4th Cir. 2011); *see also EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-16 (4th Cir. 2008) ("complaints premised on nothing more than 'rude treatment by [coworkers], 'callous behavior by [one's] superiors,' or a 'routine difference of opinion and personality conflict with [one's] superiors,' are not actionable under Title VII").

Quite simply, a "mere disagreement" with a court's ruling will not support granting a request for reconsideration, *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.2002) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir.1993)), and Plaintiff has offered nothing more than such disagreement here. He has failed to produce any new law or evidence, or show manifest error or injustice, that warrants revisiting the grant of summary judgment to Defendants. Accordingly, this Court concludes that Plaintiff has failed to meet his burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## CONCLUSION

For the foregoing reasons, Plaintiff James Hoskins' Motion to Supplement the Exhibits to Plaintiff's Opposition to Defendants' Motion to Dismiss, or Alternatively for Summary Judgment, and the Motion for Reconsideration, fail to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is this 6th day of December, 2012, ORDERED that:

1.   Plaintiff's Motion to Supplement the Exhibits to Plaintiff's Opposition to Defendants' Motion to Dismiss, or Alternatively for Summary Judgment (ECF No.33), is DENIED AS MOOT;

2.   Plaintiff's Motion for Reconsideration (ECF No. 32) is DENIED; and

    3.    The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

December 10, 2012                                         ___/s/_____

                                                             Richard D. Bennett
                                                             United States District Judge